IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN DURRELL HOLCOMB,

        Plaintiff,               No. CIV S-02-2417 LKK KJM P

    vs.

HIGH DESERT STATE PRISON, et al.,

        Defendants.          <u>PRETRIAL ORDER</u>

_____/

        Pursuant to court order the parties have submitted pretrial statements.  Upon review of the statements and the remainder of the file, and good cause appearing therefor, this court makes the following findings and orders:

<u>JURISDICTION/VENUE</u>

        Jurisdiction is predicated upon 28 U.S.C. § 1331 arising under 42 U.S.C. § 1983. Venue is proper.  There is no dispute over either jurisdiction or venue.

<u>JURY/NON-JURY</u>

        Both parties have timely requested trial by jury.

<u>UNDISPUTED FACTS</u>

        At all times relevant, plaintiff was an inmate at High Desert State Prison which is operated by the California Department of Corrections and Rehabilitation (CDCR).

1    At all times relevant, defendants Crofoot, Sanders and Hibbits were employed by

2    the CDCR at High Desert State Prison.

3    DISPUTED FACTUAL ISSUES

4    Whether defendant Wilson provided plaintiff with constitutionally inadequate

5    medical care in violation of the Eighth Amendment to the Constitution by being deliberately

6    indifferent to plaintiff's serious medical needs.  Specifically, whether defendant Wilson failed to

7    schedule plaintiff for a medical clinic visit in 2001 for an ankle injury.

8    Whether defendant Crofoot used excessive force against plaintiff in violation of

9    the Eighth Amendment when he escorted plaintiff to the showers at High Desert on April 6,

10   2000.

11   Whether defendant Sanders and / or Hibbits violated plaintiff's Eighth

12   Amendment rights by failing to protect plaintiff from a known serious risk of harm; in this case

13   the violence committed upon plaintiff by defendant Crofoot.

14   DISPUTED EVIDENTIARY ISSUES

15   There appear to be no evidentiary areas which need to be addressed at this stage.

16   SPECIAL FACTUAL INFORMATION

17   None applicable.

18   RELIEF SOUGHT

19   Plaintiff seeks compensatory and punitive damages.

20   POINTS OF LAW

21   The parties shall brief the elements, standards and burden of proof of the claims

22   herein presented by plaintiff under the applicable constitutional amendment, statutes and

23   regulations.  Trial briefs shall be filed with this court no later than ten days prior to the date of

24   trial in accordance with Local Rule 16-285.

25   ABANDONED ISSUES

26   No issues have been abandoned.

2

WITNESSES

Plaintiff has failed to sufficiently identify any witnesses.  To the extent plaintiff asks that other inmates be called on his behalf, plaintiff has failed to comply with the procedure identified in the court's August 6, 2004 order.

Defendants anticipate calling:

1. Former defendant Cloud;

2. Defendant Wilson;

3. Former defendant Baron;

4. Defendant Crofoot;

5. Defendant Sanders;

6. Defendant Hibbits;

7. Correctional Lieutenant D.G. Dharlingue;

8. Richard Sandham, M.D.;

9. Jeffrey Rohlfing, M.D.; and

10. Records custodian for the California Department of Corrections and Rehabilitation.

Each party may call any witnesses designated by the other.

A.    No other witness will be permitted to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the pretrial conference, or

(2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

B.    Upon the post pretrial discovery of witnesses, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court

/////

may consider at trial whether the witnesses shall be permitted to testify.  The witnesses will not

be permitted unless:

> (1) The witnesses could not reasonably have been discovered prior to
> pretrial;
>
> (2) The court and the opposing party were promptly notified upon
> discovery of the witnesses;
>
> (3) If time permitted, the party proffered the witnesses for deposition; and
>
> (4) If time did not permit, a reasonable summary of the witnesses'
> testimony was provided to the opposing party.

EXHIBITS, SCHEDULES AND SUMMARIES

Plaintiff has failed to identify with sufficient particularity any exhibits which he

would like present at trial with the exception that plaintiff seeks to offer documents already filed

in this matter, such as defendants' motion for summary judgment.  Plaintiff will not be allowed

to introduce any of these documents as they mostly consist of hearsay and their relevance at a

trial would be, at best, questionable.  If a need to present these documents arises at trial, the court

will entertain a motion for admission by plaintiff.

Defendants anticipate offering:

1.  Plaintiff's "Abstract of Judgment";

2.  Plaintiff's CDCR "Chronological History";

3.  Plaintiff's Medical Records, Physicians Progress Notes, dated May 10, 2000

through May 12, 2003;

4.  Plaintiff's Medical Records, Physicians Orders dated August 13, 1999 through

May 12, 2003;

5.  Plaintiff's Medical Records, "Outpatient Medication Record," November,

1999 through May 2003;

/////

6.  Plaintiff's Medical Records, Radiology Records, dated September 16, 1999; April 12, 2000; July 11, 2000; August 3, 2000; October 25, 2000; January 16, 2002; and August 15, 2003;

7.  Plaintiff's Medical Records "Standardized BUS Screening forms," dated January 4, 2002 through July 15, 2003;

8.  Plaintiff's Medical Records, "Medical Report of Injury or Unusual Occurrence," dated April 6, 2000 through January 24, 2003;

9.  Appeal Log #HDSP-D-99-02332, first level response dated January 5, 2000, second level response, dated September 11, 2000, and third level response dated May 17, 2001;

10.  HDSP Lockdown status report, week ending April 7, 2000;

11.  Incident Report, Log Number HDP-FD2-00-04-0131;

12.  Rules Violation Report, Log Number FD-00-04-0005;

13.  Incident Report HDP-FBO-01-05-0224, dated May 11, 2001;

14.  "Reintegration of white inmates back into the facility B gym," dated May 22, 2001;

15.  High Desert State Prison general lockdown plan of operation for Wednesday, June 14, 2001 through June 18, 2001, dated June 13, 2001;

16. Results of state of emergency institutional searches conducted June 18, 2001 through August 1, 2001, dated August 7, 2001; and

17.  Weekly update report for the "Facility B lockdown" dated September 13, 2001.

The parties shall bring copies of their exhibits to the trial confirmation hearing where they will be exchanged.

Each party will file any objections to exhibits ten days before trial.  Each exhibit not previously objected to will be forthwith received into evidence.  Plaintiff will use numbers to mark exhibits; defendant will use letters.

A.  No other exhibits will be permitted to be introduced unless:

    1.  The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

    2.  The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

B.  Upon the post pretrial discovery of exhibits, the parties shall promptly inform the court and opposing party of the existence of such exhibits so that the court may consider at trial their admissibility. The exhibits will not be received unless the proffering party demonstrates:

    1.  The exhibits could not reasonably have been discovered earlier;

    2.  The court and the opposing party were promptly informed of their existence; and

    3.  The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party.  If the exhibit(s) may not be copied the proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

The parties are directed to bring an original and one copy of each exhibit to trial.  The original exhibit becomes the property of the court for purposes of trial.  The copy is for bench use during trial.

DISCOVERY DOCUMENTS

Plaintiff asks that he be allowed to present discovery responses.  It is not readily apparent why plaintiff wishes to present these documents.  In any case, plaintiff will be allowed to use discovery responses as evidence at trial if a legitimate need and lawful reason for doing so arises (e.g., for impeachment purposes).

/////

FURTHER DISCOVERY OR MOTIONS

        Discovery closed on December 3, 2004.  There are no other outstanding motions. Motions *in limine* and any motions addressing the admissibility of exhibits shall be filed not later than ten days before trial.

STIPULATIONS

        At this time the parties have reached no stipulations.

AMENDMENTS/DISMISSALS

        None.

SETTLEMENT NEGOTIATIONS

        It appears that a settlement conference is not warranted in this case.

AGREED STATEMENTS

        None.

SEPARATE TRIAL OF ISSUES

        Not applicable.

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

        Not applicable.

ATTORNEYS' FEES

        Plaintiff seeks attorneys' fees pursuant to Local Rule 54-293(c), but he is not represented by counsel.  Defendants do not seek attorneys' fees.

TRIAL CONFIRMATION HEARING

        A trial confirmation hearing is set for April 9, 2007 at 11:15 a.m. before the Honorable Lawrence K. Karlton in Courtroom #4.

ESTIMATED TIME OF TRIAL/TRIAL DATE

        Jury trial is set for June 26, 2007 at 10:30 a.m. in Courtroom #4 before the Honorable Lawrence K. Karlton.  Trial is anticipated to last four days.

/////

1    PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

2           The parties are directed to Local Rule 47-162(a) and Local Rule 51-163(a) for

3    procedures and time limits regarding proposed voir dire and proposed jury instructions,

4    respectively.  The provisions of said local rules notwithstanding, the parties shall file proposed

5    voir dire and proposed jury instructions, if any, not later than fourteen days before the date set

6    for trial.

7    MISCELLANEOUS

8           Plaintiff's present custodian shall provide for plaintiff's presence at trial pursuant

9    to the writ of habeas corpus ad testificandum to be issued.  All parties shall take any steps

10   necessary to facilitate execution of said writ.  The parties and plaintiff's custodian are cautioned

11   that sanctions will be imposed for failure to comply with court orders.

12          Counsel are directed to Local Rule 16-285 regarding the contents and the deadline

13   for filing trial briefs.

14   OBJECTIONS TO PRETRIAL ORDER

15          Each party is granted fifteen days from the date of this order to file objections to

16   same.  If no objections are filed, the order will become final without further order of this court.

17   DATED:  January 8, 2007.

18   _____

19   U.S. MAGISTRATE JUDGE

20   1
     holc2417.pto