1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN DURRELL HOLCOMB,

11              Plaintiff,              No. CIV S-02-2417 LKK KJM P

12        vs.

13   HIGH DESERT STATE PRISON, et al.,   ORDER TO SHOW CAUSE AND

14              Defendants.              FINDINGS AND RECOMMENDATIONS

15   _____/

16              Plaintiff is a California prisoner proceeding pro se with an action for violation of

17   civil rights under 42 U.S.C. § 1983.  Defendants Crofoot, Sanders and Hibbits (defendants) are

18   current or former employees of the California Department of Corrections and Rehabilitation

19   (CDCR).  Their motion for enforcement of a settlement agreement is before the court.

20   Specifically, defendants ask that this action be dismissed once defendants tender the consideration

21   for dismissal set forth in the settlement agreement.  An evidentiary hearing was conducted

22   concerning the motion on April 14, 2010.  At the hearing defendants' counsel John Riches

23   testified on cross-examination, as did plaintiff's former counsel Brian Chavez-Ochoa.

24   I.  Factual Background

25              The agreement defendants seek to have enforced is the agreement attached to their

26   motion.  At this point it is undisputed that the agreement, in the form submitted by defendants

1

1    with their motion, is not the agreement plaintiff signed.  In the agreement signed by plaintiff,

2    paragraph 8 was not stricken, as it is in the copy submitted by defendants.  See March 10, 2010

3    Decl. of John Riches (Riches Decl. III); Pl.'s March 24, 2010 Decl. (Pl.'s Decl. II) ¶¶ 1-5.

4    Counsel for defendants has admitted that paragraph 8 was lined out after plaintiff signed the

5    agreement, but before defendants did.  See Riches Decl. III.  Counsel for defendants takes the

6    position, ultimately, that he lined out paragraph 8 with the understanding that plaintiff had agreed

7    to the paragraph's deletion, based on conversations with plaintiff and his counsel.  Riches Decl.

8    III ¶¶ 5-11; see also Evidentiary Hearing at 10:55.  Plaintiff opposes enforcement of the

9    agreement with the deletion of paragraph 8, and says he never agreed to its deletion.  Plaintiff

10   consistently has said, under oath, that he did not agree to the deletion.  See November 23, 2009

11   Decl. of John Holcomb (Holcomb Decl. I); Holcomb Decl. II.

12          The factual record is complicated by inconsistencies in declarations filed by

13   defendants' counsel.  Originally, counsel for defendants provided a declaration simply saying

14   paragraph 8 was lined out with the consent of plaintiff's counsel, without saying when it was lined

15   out.  July 30, 2009 Decl. of John Riches (Riches Decl. I) ¶ 6.  Counsel later clarified that he had

16   lined out paragraph 8 before plaintiff signed the agreement, based on plaintiff's counsel's consent.

17   October 22, 2009 Decl. of John Riches (Riches Decl. II) ¶ 3.  More recently, however, counsel

18   asserts paragraph 8 was not struck when plaintiff signed it, but he told plaintiff it would be struck

19   after plaintiff and his attorney consented; counsel says plaintiff told him he consented on

20   November 24, 2008, and plaintiff's counsel consented thereafter, on November 26, 2008.  Riches

21   Decl. III ¶¶ 5-6, 10.  At hearing, defendants' counsel confirmed this latter version but did not

22   provide any testimony that reconciled the inconsistences between his second and third

23   declarations.

24          Plaintiff's counsel testified at hearing that he understood he was unable to visit

25   plaintiff personally because of a prison lockdown and so he authorized defendants' counsel to

26   provide the agreement to plaintiff.  He also testified, consistently with the contents of his

declaration, that he understood from defendants' counsel that plaintiff consented to the deletion of
paragraph 8 on November 24, 2008, and he also understood paragraph 8 was lined out on
November 26, 2008.  When he signed the agreement and consented himself to the deletion of
paragraph 8, on November 26, 2008, plaintiff's counsel testified he did so with the understanding
plaintiff had consented to the deletion.

II.  Analysis

Issues regarding the construction or enforcement of settlement agreements are
generally governed by local contract law.  See Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir.
1989).  In California, when a material modification has been made to a contract by one party after
the other has signed the agreement, the agreement is voidable by the non-modifying party.  Houk
v. Williams Bros., 58 Cal.App.2d 573, 578-79 (3d Dist. 1943).  A modification is "material" if
"it works some change in the rights, interests, or obligations of the parties. . ."  Consolidated
Loan Co. v. Harman, 150 Cal.App.2d 488, 491-92 (2d Dist. 1957).

Paragraph 8 of the agreement reads as follows:

> This agreement is confidential.  However, should there be any
> dispute concerning the performance or interpretation of this
> agreement, the parties agree to promptly meet together with
> counsel to attempt to in good faith resolve such disputes.  If no
> resolution is reached, the parties will bring the matter to the court
> for resolution.  The court shall retain jurisdiction for the purpose of
> resolving any dispute concerning the agreement.

See Mot., Attach. (Docket No. 157-2 at 3).  Without expressing an opinion as to the other terms
of paragraph 8, the court considers the striking of the provision that the court retain jurisdiction
to resolve any disputes regarding the settlement agreement as a material alteration of the
agreement plaintiff signed.  The court's retention of jurisdiction is a significant right; among other
things, it would relieve plaintiff of paying the filing fees for a new action if he sought judicial
intervention to enforce the settlement agreement.

In light of the unexplained inconsistencies in defendants' counsel's testimony,
plaintiff's consistent testimony contrary to that of defendants' counsel, and the fact that plaintiff's

3

1   counsel relied entirely on defendants' counsel's reports, the court cannot credit defendants'

2   counsel's declaration and hearing testimony that plaintiff orally consented, or consented

3   otherwise, to the striking of paragraph 8 before he signed the settlement agreement.  Moreover,

4   the agreement the parties signed includes a clause indicating that the written agreement is the

5   complete agreement and any modification to that agreement must be in writing and signed by all

6   the parties.  May 26, 2009 Mot. to Enforce, Attach. 1 ¶ 11(b).  To the extent the lining out of

7   paragraph 8 is a modification, it is undisputed that plaintiff never agreed in writing to the

8   modification.

9           Defendants have made other arguments, based on defendants' counsel's first and

10  second declarations, that plaintiff's attorney had the authority to bind plaintiff to paragraph 8 and

11  that plaintiff ratified the striking of paragraph 8 by signing the agreement after the paragraph was

12  lined out.  See October 22, 2009 Mem. at 2-4.  Although defendants have not withdrawn these

13  arguments, they are rendered unavailing by defendants' counsel's third declaration.

14          In light of the foregoing, the court finds that the settlement agreement signed by

15  plaintiff is voidable by plaintiff.  In response to the court's questioning, plaintiff has indicated he is

16  prepared to abide by paragraph 8 in its entirety, in the form he signed.  He also is willing to abide

17  by paragraph 8 with the first sentence only deleted, regarding confidentiality.  Defendants,

18  however, are not prepared to agree to the inclusion of paragraph 8 or any portion thereof.  Under

19  these circumstances, plaintiff has indicated he wants the agreement voided.  Defendants have not

20  pointed to any reason plaintiff should not be allowed to void the agreement.  Therefore, the

21  agreement should be deemed void.

22          For the foregoing reasons, the court will recommend that defendants' motion to

23  enforce be denied.

24  III.  Order To Show Cause

25          In light of the unexplained and significant inconsistency in counsel's declaration

26  testimony with respect to whether he crossed out paragraph 8 of the settlement agreement before

4

1   or after plaintiff signed it, and his failure to withdraw arguments based on a declaration he himself

2   later amended, counsel will be ordered to show cause within fourteen days why he should not be

3   sanctioned in the amount of $750.00 under Rule 11(b) of the Federal Rules of Civil Procedure for

4   making materially false representations to the court.

5   IV.  Trial Setting And Possible Future Settlement

6           If the district court judge assigned to this case adopts the recommendation that

7   defendants' motion for enforcement of the settlement agreement be denied, this matter will

8   proceed to trial forthwith.  As noted, at the April 14, 2010 evidentiary hearing, plaintiff indicated

9   he agreed to the deletion of the first sentence of paragraph 8, which required that the settlement

10  agreement be kept confidential.  Plaintiff also indicated in his closing argument at hearing that he

11  is still willing to agree to all the other terms of the agreement as he signed it.  If the parties are

12  able to conclude a new agreement to settle the case, on verifiable mutually agreeable terms, they

13  shall notify the court as required by Local Rules 160 and 272.

14          In accordance with the above, IT IS HEREBY ORDERED that counsel for

15  defendants show cause within fourteen days why he should not be sanctioned in the amount of

16  $750.00 for violations of Rule 11(b)(2) of the Federal Rules of Civil Procedure; and

17          IT IS HEREBY RECOMMENDED that:

18          1. Defendants' motion for enforcement of the parties' settlement agreement (#157)

19  be denied and the settlement agreement be voided; and

20          2. Trial be set for December 7, 2010 at 10:30 a.m., with a trial confirmation

21  hearing set for September 13, 2010 at 11:15 a.m.

22          These findings and recommendations are submitted to the United States District

23  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

24  one days after being served with these findings and recommendations, any party may file written

25  objections with the court and serve a copy on all parties.  Such a document should be captioned

26  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

1  shall be served and filed within fourteen days after service of the objections.  The parties are

2  advised that failure to file objections within the specified time may waive the right to appeal the

3  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4  DATED:  July 2, 2010.

7  U.S. MAGISTRATE JUDGE

26  1/holc2417.mes

6